Amir J. Goldstein, Esq. (CA Bar No. 255620)
Attorney for Plaintiff
5455 Wilshire Boulevard, Suite 914
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

FILED

2008 DEC -1 PM 1:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NORMA GUZMAN, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC. 1
through 20, inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:

CV08-07879 PSG (RZx)

COMPLAINT FOR DAMAGES

Plaintiff, by and through her attorneys, Amir J. Goldstein, Esq., as and for his complaint

against the Defendants, CENTRAL CREDIT SERVICES, INC., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of

a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et

seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair

practices.

## PARTIES

2. Plaintiff is a natural person residing in San Pedro, California.

1

3.      Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Jacksonville, Florida.

## JURISDICTION

4.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the defendant conducts a business, the nature of which subjects the corporation to jurisdiction in this district and the transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5.      Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.      That a personal debt was allegedly incurred by the plaintiff from one Wells Fargo.

7.      That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8.      That on or about October 7, 2008, the Defendant began contacting the Plaintiff by phone at her place of employment in regards to the collection of said debt.

9.      That Defendant's agent represented himself as Mr. Josh Fisher and that his telephone number was (800) 514- 4591, a number belonging to the defendant, and stated that he was calling in reference to a Wells Fargo credit card debt in the amount of $2000.00 and made the Plaintiff understand that he was calling from Wells Fargo.

10.      That Defendant's agent failed to advise the consumer that he was calling from a debt collection agency or that communication was from a debt collection agency.

11.      That Plaintiff mentioned to Defendant that she was in a debt settlement program which should be working on an agreement with Wells Fargo.

2

12. That Defendant's persisted in collection of the debt amount and stated that the "debt settlement was a joke" and that they do not settle.

13. That the Defendant threatened Plaintiff with "property garnishment" and attaching assets if payment arrangements were not made to him by phone that same day.

14. That Defendant then offered a reduced settlement payment arrangement coupled with and unlawful and arbitrary transaction fee of $7.00

15. That Plaintiff was terrified at the threats made by Defendant and agreed to make payment arrangements to Defendant due to such threats of property, wage, and assets garnishment.

16. That Plaintiff under duress and coercion by Defendant's misrepresentation authorized three payments to "Wells Fargo" in the amounts of $200.00 plus $7.00 transaction fee by 10/09/08, $439.50 plus $7.00 transaction fee by 10/31/08 and $439.50 plus $7.00 transaction fee by 11/28/08.

17. That on or about October 9, 2008, and October 31, 2008 Defendant's caused $207.00, and $446.50, respectively, to be withdrawn from Plaintiff's account by means of cash debit.

18. That on or about November 5, 2008, Defendant's agent called the Plaintiff at her place of employment, and under the impression that Plaintiff had contacted an attorney, and falsely threatened "why did you send me to an attorney. Now you will have to pay the full amount."

19. That the Defendants actions caused additional and unnecessary stress for the plaintiff and caused her sever shame and embarrassment at her place of employment.

20. That the Plaintiff suffers and has suffered from severe anxiety which was seriously aggravated by means of Defendants' conduct.

21. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that communications to the plaintiff by the defendant are false,

3

1  deceptive, unfair, threatening, and done in furtherance of abusing the plaintiff to coerce payment

2  of a disputed debt, under duress and harassment.

3       22.     That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation,

4  defendant is liable to the plaintiff and all members similarly situated for statutory damages in an

5  amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual

6  damages and treble damages, costs and attorney's fees.

7

8                    **AS AND FOR A SECOND CAUSE OF ACTION**

9       23.     Plaintiff realleges paragraphs 1 through 25 as if fully restated herein.

10      24.     The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California

11  Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of

12  consumer debts.

13      25.     By their acts and practices as hereinabove described, the Defendants have violated

14  the Rosenthal Act as follows, without limitation:

15            a) In failing to inform consumers that the true identity of the Defendants have

16  violated § 788.13(i), which prohibits the false representation of the true nature of the business or

17  services being rendered by the debt collector.  Defendants represented themselves as lenders but

18  failed to disclose the material fact that it is acting as a debt collector with respect to the same

19  transaction.

20            b) By failing to include certain debt collection notices and disclosures required by

21  law.

22            c) By falsely threatening the consumer with legal action that can not legally be

23  taken and/or is not actually intended to be taken.

24            d) By arbitrarily adding unwarranted and unjustifiable transaction fee in the

25  amount of $7.00.

26      25.     Pursuant to § 788.30 of the Rosenthal Act, Plaintiff is entitled to recover her

27  actual damages sustained as a result of the Defendants' violations of the Rosenthal Act.  Such

28                                        4

1  damages include, without limitation, statutory damages, any actual damages sustained, other

2  resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which

3  damages are in an amount to be proven at trial.

4      26.    In addition, because the Defendants' violations of the Rosenthal Act were

5  committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual

6  damages, penalties of at least $1,000 per violation as provided for in the Act.

7      27.    Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all

8  attorneys' fees, costs and expenses incurred in the bringing of this action.

9

10                                            **CLASS ALLEGATIONS**

11      28.    The first cause of action is brought on behalf of plaintiff and the members of a

12  class.

13      29.    The class consists of consumers who received the same form letter, as did the

14  plaintiff.

15      30.    The Class consists of all persons whom Defendant's records reflect resided in the

16  state of California and who were sent a collection letter (a) bearing the defendant's letterhead in

17  substantially the same form as the letter sent to the plaintiff on or about October 7, 2008 and

18  subsequent letters or phone calls, (b) the collection letter was sent to a consumers seeking

19  payment of a consumer debt; and (c) the collection letter was not returned by the postal service as

20  undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false

21  threats of legal action and deceptive practices, 1692g for contradicting and confusing the

22  consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a

23  debt by means of duress and coercion.

24      31.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

25  preferable in this case because:

26          (A)    Based on the fact that the collection letters that are at the heart of this

27

28                                    5

litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C)     The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)     The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

32.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

35.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f):

6

1          (a)      Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in

2    attempt to collect a debt;

3          (b)      Defendant violated 15 U.S.C. § 1692e by using false representations and

4    deceptive means in an attempt to collect a debt;

5          (c)      Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

6          (d)      Defendant violated 15 U.S.C. § 1692d by harassing the consumer

7

8          **WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant

9    in the amount of:

10         (a)      Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an

11   amount to be determined at the time of trial on behalf of the class on the first cause of action.

12         (b)      Statutory damages and actual damages pursuant to Civil Code §1788.30 et seq., as

13   to the fourth cause of action.

14         (c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil

15   Code §1788.30, et seq.

16         (d)      For such other and further relief as may be just and proper.

17

18   Dated: November 19, 2008                    Amir J. Goldstein, Esq.

19

20                                               _____
                                                 Amir J. Goldstein, Esq.
21                                               **Attorney for Plaintiff**
                                                 5455 Wilshire Boulevard., Suite 914
22                                               Los Angeles, CA 90036
                                                 Tel 323.937.0400
23                                               Fax 866.288.9194

24

25

26

27

28                                        7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV08- 7879 PSG (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NORMA GUZMAN, individually and on behalf of
others similarly situated,

**PLAINTIFF(S)**

v.

CENTRAL CREDIT SERVICES, INC.

I THROUGH 20, INCLUSING,

**DEFENDANT(S).**

CASE NUMBER

CV08-07879 PSG (RZx)

**SUMMONS**

TO:   DEFENDANT(S): CENTRAL CREDIT SERVICES, INC.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Amir J. Goldstein_____, whose address is _5455 Wilshire Blvd., Ste. 914, Los Angeles, CA 90036_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____DEC - 1 2008_____

By: _____
          Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

NORMA GUZMAN, individually and on behalf of
others similarly situated,

PLAINTIFF(S)

v.

CENTRAL CREDIT SERVICES, INC.
*1 THROUGH 20, INCLUSIVE,*

DEFENDANT(S).

CASE NUMBER

**CV08-07879 PSG (RZx)**

**SUMMONS**

TO:     DEFENDANT(S): CENTRAL CREDIT SERVICES, INC.

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Amir J. Goldstein , whose address is 5455 Wilshire Blvd., Ste. 914, Los Angeles, CA 90036 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

**LA'REE HORN**

Dated:     DEC - 1 2008

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1192

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Norma Guzman, individually and on behalf of others similarly situated

**DEFENDANTS**

CENTRAL CREDIT SERVICES, INC.
CSC - LAW YARS INCORPORATING SERVIC
2730 GATEWAY OAKS DR.; STE.100
SACRAMENTO, CA 95833

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Amir J. Goldstein, Esq.
5455 Wilshire Blvd., Ste. 914
Los Angeles,, CA 90036

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:   Case Number:**      **CV08-07879**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10/24/08

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |